RICHARD L. HIX AND WIFE, JANE HIX v. WILLIAM HAROLD JENKINS

No. 9422SC378

(Filed 21 February 1995)

**Workers' Compensation §§ 25, 65 (NCI4th)— volunteer fireman—employee for workers' compensation purposes—negligence action against fellow firemen precluded**

Although volunteer firemen are not listed as "employees" in N.C.G.S. § 97-2(2), it is implicit that they are to be treated as employees under the Workers' Compensation Act because N.C.G.S. § 97-2(5) provides the specific calculation for the average weekly wage to be received by volunteer firemen, and N.C.G.S. § 58-83-1 provides that volunteer firemen responding to emergencies outside their normal territorial limits shall have all authority "including coverage under the Workers' Compensation Laws as they have when responding to a call and while working at a fire or other emergency inside the territorial limits normally served." Therefore, volunteer firemen are foreclosed from bringing a common law negligence action against a fellow member for injuries sustained in the course and scope of their duties as firemen unless the member seeking compensation was intentionally injured by the fellow member.

**Am Jur 2d, Workers' Compensation §§ 62 et seq., 181.**

**Right to maintain direct action against fellow employee for injury or death covered by workmen's compensation. 21 ALR3d 845.**

Judge WALKER concurring.

Appeal by plaintiffs from order entered 2 February 1994 in Iredell County Superior Court by Judge Jerry R. Tillett. Heard in the Court of Appeals 12 January 1995.

*Teague, Campbell, Dennis & Gorham, by James B. Wheless, Jr. and J. Matthew Little, and Pressly & Thomas, P.A., by Edwin A. Pressly, for the plaintiff-appellants.*

*Willardson, Lipscomb & Bender, L.L.P., by William F. Lipscomb, for defendant-appellee.*

GREENE, Judge.

Richard L. Hix and Jane Hix (plaintiffs) appeal from the trial court's order granting summary judgment in favor of William Harold Jenkins (defendant) in plaintiffs' negligence suit against defendant.

The evidence shows that Richard Hix (Hix) was riding with defendant on 4 November 1990, when the defendant's car was involved in an accident. Both men were volunteer firemen for the Iredell County Volunteer Fireman's Association and were responding to a fire call at the time of the accident. As a result of the accident, Hix sustained permanent injuries, including a compression fracture to his spine.

On 18 November 1992, Hix agreed with the Iredell County Volunteer Fireman's Association and CIGNA Insurance Company to accept $13,000 along with medical expenses as complete satisfaction of any and all claims under the North Carolina Workers' Compensation Act (the Act). On 19 October 1993, plaintiffs sued the defendant for his negligence in causing the accident and Hix's resulting injuries. The trial court granted defendant's motion for summary judgment on the grounds that Hix had received his exclusive remedy under the Act and plaintiffs are therefore barred from pursuing this negligence action against the defendant.

———————

The issue is whether a volunteer fireman, injured by the negligence of a fellow volunteer fireman, at a time when both are acting in the course and scope of their duties, is barred from pursuing a negligence action against the fellow fireman.

Although the plaintiffs are correct in their statement that volunteer firemen do not receive compensation for their services and are not listed as "employees" in N.C. Gen. Stat. § 97-2(2), we reject their assertion that volunteer firemen should not be treated as "employees" under the Act. Because the Act provides the specific calculation for the average weekly wage to be received by volunteer firemen in section 97-2(5), it is implicit that volunteer firemen are to be treated as

## HIX v. JENKINS

[118 N.C. App. 103 (1995)]

employees under the Act. *See Board of Education v. Dickson*, 235 N.C. 359, 361, 70 S.E.2d 14, 17 (1952) (meanings are found in what statutes necessarily imply as much as in what they specifically express); *Derebery v. Pitt County Fire Marshall*, 318 N.C. 192, 193, 347 S.E.2d 814, 815 (1986) (allowing recovery under the Act by a volunteer fireman). This legislative intent is further evidenced by N.C. Gen. Stat. § 58-83-1 which provides that firemen responding to emergencies outside their normal territorial limits "shall have all authority . . . including coverage under the Workers' Compensation Laws, *as they have when responding to a call and while working at a fire or other emergency inside the territorial limits normally served.*" [Emphasis added.] Finally, although section 97-2(2) does not specifically include volunteer firemen in the definition of "employee," neither does it exclude volunteer firemen from that definition. *See* N.C.G.S. § 97-2(2) (1991) (specifically excluding people "performing voluntary service as a ski patrolman" from the provisions of the Act).

Because volunteer firemen are treated as "employees" under the Act, volunteer firemen are foreclosed from bringing a common law negligence action against a fellow member, N.C.G.S. § 97-9 to -10.1 (1991), for injuries sustained in the course and scope of their duties as a volunteer fireman, unless the member seeking compensation was intentionally injured by the fellow member. *See Pleasant v. Johnson*, 312 N.C. 710, 712-13, 325 S.E.2d 244, 247 (1985). Accordingly, plaintiffs are barred from pursuing their action in negligence against defendant, and the trial court correctly granted summary judgment for the defendant.

Affirmed.

Judge EAGLES concur.

Judge WALKER concurs with separate opinion.

Judge WALKER concurring.

I agree with the majority that the legislature intended volunteer firemen to be treated as employees under the Workers' Compensation Act and to provide them with workers' compensation benefits even though a true employer-employee relationship does not exist between volunteer firemen and their volunteer fireman's association. However, I recognize that workers' compensation benefits may not

fully compensate plaintiff for his injuries but I believe it is for the legislature to address the circumstances in which a volunteer fireman can, as here, bring a negligence action against his fellow employee.